FILED

2023 Jun-12  PM 05:22
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **FIYYAZ PIRANI, TRUSTEE OF IMPERIUM IRREVOCABLE TRUST,** individually and on behalf of all others similarly situated, | ) ) ) ) ) |
| Plaintiff, | ) **CASE NO. 2:23-cv-00486-CLM** ) |
| v. | ) **CLASS ACTION** ) |
| **MEDICAL PROPERTIES TRUST, INC., MPT OPERATING PARTNERSHIP, L.P., EDWARD K. ALDAG, JR., R. STEVEN HAMNER, and J. KEVIN HANNA,** | ) ) ) ) ) |
| Defendants. | ) |

---

### MEMORANDUM OF LAW IN SUPPORT OF MOTION OF FIYYAZ PIRANI, TRUSTEE OF IMPERIUM IRREVOCABLE TRUST, FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL

---

## <u>TABLE OF CONTENTS</u>

<u>**Page**</u>

I.   PRELIMINARY STATEMENT.........................................................................1

II.  STATEMENT OF FACTS .............................................................................3

III. ARGUMENT ...............................................................................................6

    A.   Movant Should Be Appointed Lead Plaintiff ..........................................6

        1.   Movant Filed a Timely Motion.......................................................7

        2.   Movant Has the Largest Financial Interest in the Action ................9

        3.   Movant Otherwise Satisfies the Requirements of Rule 23 ...........10

            a.   Movant's Claims Are Typical .................................................10

            b.   Movant Is an Adequate Representative....................................11

    B.   Lead Plaintiff's Selection of Counsel Should Be Approved .................13

IV. CONCLUSION ...........................................................................................14

# TABLE OF AUTHORITIES

**Cases**                                                                 **Page(s)**

*Dees v. Colonial Bancgroup, Inc.*,
   No. 2:09-cv-104-MHT, 2009 WL 1285424 (M.D. Ala. May 7, 2009)...............11

*Mulvaney v. Geo Group, Inc.*,
   2016 WL 10519276 (S.D. Fla. Nov. 18, 2016)....................................................13

*Phillips v. Churchill Cap. Corp. IV*,
   No. 1:21-CV-00539-ACA,
   2021 WL 4220358 (N.D. Ala. Sept. 16, 2021) ............................................ 10, 11

*Valley Drug Co. v. Geneva Pharms., Inc.*,
   350 F.3d 1181 (11th Cir. 2003)...................................................................11

*Vega v. T-Mobile USA, Inc.*,
   564 F.3d 1256 (11th Cir. 2009).................................................................10

## Statutes

15 U.S.C. § 78u-4(a)(3)(B) ..................................................................1, 6
15 U.S.C. § 78u-4(a)(3)(B)(i) ...............................................................2
15 U.S.C. § 78u-4(a)(3)(B)(iii) .............................................................9
15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ........................................................2, 7
15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa)...................................................9
15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).......................................................7
15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa) .................................................13
15 U.S.C. § 78u-4(a)(3)(B)(v) ........................................................ 1, 2, 13

Fiyyaz Pirani ("Mr. Pirani"), as Trustee for the Imperium Irrevocable Trust ("Movant"), respectfully submits this Memorandum of Law in support of his motion pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, *et seq*. (the "PSLRA") for an Order: (1) appointing Movant as Lead Plaintiff under 15 U.S.C. § 78u-4(a)(3)(B); (2) approving Movant's selection of Berger Montague PC as Lead Counsel and Pittman, Dutton, Hellums, Bradley & Mann, P.C. as Liaison Counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v); and (3) granting such other relief as the Court may deem to be just and proper (the "Motion").

## I.     PRELIMINARY STATEMENT

Movant respectfully submits that he should be appointed Lead Plaintiff on behalf of all persons and entities who purchased or otherwise acquired securities of Medical Properties Trust, Inc. ("Medical Properties") between July 15, 2019 and February 22, 2023, both dates inclusive (the "Class Period"), and who were damaged thereby ("the Class").[1] Movant filed the above-captioned class action (the "Action") alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") against Medical Properties and members of its senior management (collectively, the "Defendants").

---

[1] A copy of Movant's Certification pursuant to the PSLRA is attached as Exhibit ("Ex.") A to the Declaration of Chris T. Hellums, Esq. ("Hellums Decl."), submitted concurrently herewith.

The PSLRA requires that the Court appoint the "most adequate plaintiff" to serve as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). In that regard, the Court must determine which movant has the "largest financial interest" in the relief sought by the Class and whether such movant has made a *prima facie* showing that the movant is a typical and adequate Class representative under Federal Rule of Civil Procedure 23 ("Rule 23"). *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

For the reasons stated herein, Movant respectfully submits that he is the "most adequate plaintiff" under the PSLRA and should be appointed Lead Plaintiff. On his Class Period transactions in Medical Properties securities, Movant incurred losses of $7,292,443.82 on a last-in-first-out ("LIFO") basis. Movant has the largest known loss of any other movant and a substantial financial interest in recovering losses attributable to Defendants' alleged violations of the federal securities laws.

Further, Movant satisfies the typicality and adequacy requirements of Rule 23 in that (1) Movant's claims arise from the same course of events as those of the other Class members, (2) Movant relies on similar legal theories to prove Defendants' liability, and (3) Movant has retained experienced counsel and is committed to vigorously prosecuting the claims.

Finally, pursuant to the PSLRA, Movant respectfully requests that the Court approve his selection of Berger Montague PC as Lead Counsel and Pittman, Dutton, Hellums, Bradley & Mann, P.C. as Liaison Counsel for the Class. *See* 15 U.S.C. §

78u-4(a)(3)(B)(v) ("[T]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class"). Proposed Lead Counsel has decades worth of experience representing investors in shareholder litigation and securities class actions and possesses the expertise and resources necessary to prosecute this complex litigation.

Accordingly, Movant respectfully requests that the Court appoint him as Lead Plaintiff for the Class and approve his selection of Lead Counsel and Liaison Counsel.

## II.    STATEMENT OF FACTS[2]

Defendant Medical Properties, headquartered in Birmingham, Alabama, is a real estate investment trust ("REIT") that acquires and develops hospital facilities on a net lease basis. Since its formation in 2003, Medical Properties has grown significantly and is one of the world's largest hospital owners of hospitals. As of December 31, 2022, the Company reported 444 facilities and approximately 44,000 licensed beds in 31 states across the United States, seven countries in Europe, across Australia, and in one country in South America (*i.e.*, Colombia). Medical Properties conducts substantially all of its operations through Defendant MPT Operating Partnership, L.P. ("MPT"), a Delaware limited partnership.

---

[2] These facts are derived from the allegations in the Class Action Complaint filed by Movant. (Doc. 1).

On July 15, 2019, Medical Properties announced that its operating entity, MPT, had entered into an agreement through which certain subsidiaries would invest approximately $1.55 billion in 14 acute care hospitals and two behavioral health facilities owned and operated by Prospect Medical Holdings, Inc. ("Prospect"), after which Medical Properties would own the properties in the Prospect portfolio and lease them back to Prospect. Among the properties in the Prospect portfolio were four acute care hospitals located in Pennsylvania: Crozer-Chester Medical Center in Upland, Pennsylvania; Springfield Hospital located in Springfield, Pennsylvania; Taylor Hospital located in Ridley Park, Pennsylvania; and Delaware County Memorial Hospital located in Drexel Hill, Pennsylvania (collectively, the "Pennsylvania Properties").

Movant alleges in the Complaint that Defendants engaged in a widespread and multifaceted scheme to conceal from investors that, contrary to Medical Properties' public representations, its portfolio of assets were severely distressed and non-performing such that they could not make their rent payments. Defendants employed a number of "uncommercial transactions" to prop up its non-performing assets in the short term and thereby avoid recording impairment charges.

On January 26, 2023, investors began to learn the truth about Medical Properties' finances and operations. On that date, investigative financial research analyst Viceroy Research LLC ("Viceroy") published an extensive, deeply

incriminating thirty-three-page analysis of the Company titled "Medical Properties (dis)Trust" (the "Viceroy Report"). The Viceroy Report asserted that the Company had "engaged in billions of dollars of uncommercial transactions with its tenants and their management teams in order to mask a pervasive revenue round-robin scheme and/or theft," and further detailed – with great specificity – four types of transactions by which "substantial portions of cash is round-tripped back to [Medical Properties]." Those transactions included sale-leasebacks, cash giveaways, bailouts, and the siphoning away of money through fake expenses involving fake projects.

On February 23, 2023, the concerns and conclusions exposed in the Viceroy Report were validated, and the house of cards constructed by Defendants came down. On that date, before the market opened, Medical Properties issued a press release announcing its financial and operating results for the fourth quarter and full-year ended December 31, 2022. This press release disclosed an impairment charge of $171 million related to the Pennsylvania Properties, as well as a $112 million write-off of unbilled rent to Prospect. Also on February 23, 2023, Medical Properties announced that Emmett E. McLean, Medical Properties' Executive Vice President, Chief Operating Officer and Secretary, was stepping down, effective September 1, 2023. McLean had been with Medical Properties for more than 20 years.

On this news, the price of Medical Properties shares fell 8.7%, or $1.06, from a closing price on February 22, 2023 of $12.20 per share to a close on February 23

of $11.14 per share. By March 1, 2023, Medical Properties' stock price had fallen 17.5%, closing at $10.07 per share – a loss of market capitalization of in excess of $1.25 billion.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of Medical Properties' securities, Movant and other Class members have suffered significant losses and recoverable damages.

## III.   ARGUMENT

### A.   Movant Should Be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The statute directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the class—is the class member that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal
Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption in favor of appointing a movant

as lead plaintiff may be rebutted only upon proof "by a purported member of the

plaintiff class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable
of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Movant satisfies all of the PSLRA criteria and has

complied with all of the PSLRA's requirements for appointment as lead plaintiff: he

has, to the best of his knowledge, the largest financial interest in this litigation and

meets the relevant requirements of Federal Rule of Civil Procedure 23. In addition,

Movant is not aware of any unique defenses Defendants could raise against him that

would render him inadequate to represent the class. Accordingly, Movant

respectfully submits that he should be appointed Lead Plaintiff in this class action.

### 1. Movant Filed a Timely Motion

Movant has, by and through the instant Motion, made a timely motion in

response to a PSLRA early notice. On April 12, 2023, investor Daniel Sward filed a

complaint against Medical Properties and certain members of its senior management

in the United States District Court for the Southern District of New York, alleging

violations of Sections 10(b) and 20(a) of the Exchange Act.[3] Following the filing of that complaint, and pursuant to Section 21D(a)(3)(A)(I) of the PSLRA, investor Sward published notice in connection with that action, advising class members of: (1) the pendency of the action; (2) the claims asserted therein; (3) the proposed class period; and (4) the right to move the Court to be appointed as lead plaintiff within 60 days. *See* Hellums Decl., Ex. B. Therefore, Movant had sixty days (*i.e.*, until June 12, 2023) to file a motion to be appointed as lead plaintiff.

On April 14, 2023, Movant filed his complaint against Defendants in this Court. Following the filing of the complaint, Movant published notice of this Action and advised class members that the filing of this complaint did not change the June 12, 2023, deadline to move the Court to be appointed as lead plaintiff. *See* Hellums Decl., Ex. C.[4]

On May 9, 2023, investor Sward filed a Notice of Voluntary Dismissal of his complaint. The Notice of Voluntary Dismissal does not alter the deadline for investors to move the Court to be appointed Lead Plaintiff.

Thus, as a purchaser of Medical Properties securities during the Class Period, Movant is a proper plaintiff and has hereby timely filed a motion for appointment as

---

[3] That action is styled *Sward v. Medical Properties Trust, Inc., et al.*, Case No. 23-cv-03070 (S.D.N.Y).

[4] Movant Pirani's Notice did, however, advise Class members that the filing of the instant Complaint expanded the Class Period from the original period pled in the *Sward* complaint (March 1, 2022 through February 22, 2023) to the Class Period pled in the instant Complaint (July 15, 2019 through February 22, 2023).

lead plaintiff within sixty days of the original notice, in compliance with the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa). Additionally, as set forth in Movant's PSLRA certification, Movant attests that he is willing to serve as a representative of the class. *See* Hellums Decl., Ex. A. Accordingly, Movant satisfies the first requirement to serve as lead plaintiff for the class.

### 2.    Movant Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Movant believes that he has the largest financial interest among class members who filed timely applications for appointment as lead plaintiff and is presumed to be the "most adequate plaintiff."

Movant purchased Medical Properties securities during the Class Period and expended more than $8,600,000 purchasing 1,000,000 shares. As a result, Movant suffered financial harm of approximately $7,292,444. *See* Hellums Decl., Ex. D. Movant is not aware of any other Class member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest. As such, Movant believes he has the "largest financial interest in the relief sought by the class," and thus satisfies the second PSLRA requirement to be appointed as Lead Plaintiff for the Class.

### 3.   Movant Otherwise Satisfies the Requirements of Rule 23

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that a lead plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. Rather, "[i]n deciding a lead plaintiff motion, most courts generally consider only the typicality and adequacy prongs of Rule 23." *Phillips v. Churchill Cap. Corp. IV*, No. 1:21-CV-00539-ACA, 2021 WL 4220358, at *3 (N.D. Ala. Sept. 16, 2021).

### a.   Movant's Claims Are Typical

"Typicality is met when the plaintiff has 'the same interest and suffer[s] the same injury as the class members.'" *Id*., 2021 WL 4220358, at *3 (quoting *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1275 (11th Cir. 2009)). Here, Movant's claims are typical of the claims asserted by the proposed members of the Class. Like all members of the proposed Class, Movant alleges that Defendants' material

misstatements and omissions – specifically, that Medical Properties' portfolio of assets were severely distressed such that they could not make their rent payments – violated the federal securities laws. Movant, like all members of the class, purchased Medical Properties securities in reliance on Defendants' alleged misstatements and omissions and was damaged thereby. Accordingly, Movant's interests and claims are "typical" of the interests and claims of the class. *Dees v. Colonial Bancgroup, Inc.*, No. 2:09-cv-104-MHT, 2009 WL 1285424, at *3 (M.D. Ala. May 7, 2009).

### b.    Movant Is an Adequate Representative

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." "The 'adequacy of representation' analysis 'encompasses two separate inquiries: (1) whether any substantial conflicts of interest exist between the representatives and the class; and (2) whether the representatives will adequately prosecute the action.'" *Phillips v. Churchill Cap. Corp. IV*, 2021 WL 4220358, at *3 (quoting *Valley Drug Co. v. Geneva Pharms., Inc.*, 350 F.3d 1181, 1189 (11th Cir. 2003).

Mr. Pirani satisfies the adequacy requirement because his interest in vigorously pursuing claims against Defendants – given his substantial financial loss – is aligned with the interests of the members of the Class who were similarly harmed as a result of Defendants' false and/or misleading statements. There is no potential

conflict between Mr. Pirani's interests and those of the other members of the Class, and Mr. Pirani is fully committed to vigorously pursuing claims on behalf of the proposed Class.

Moreover, in his Declaration in support of this Motion, Mr. Pirani puts forth concrete evidence of his adequacy and ability to zealously represent the interests of the Class. *See* Hellums Decl., Ex. E. Specifically, Mr. Pirani's Declaration demonstrates that, based on his prior experience serving as a lead plaintiff, he fully understands the responsibilities and obligations of a lead plaintiff to the class, as prescribed by the PSLRA – including acting as a fiduciary for all class members, staying informed about the litigation, and participating in court proceedings, depositions, settlement mediations, and hearings as needed – and is willing and able to undertake these responsibilities to ensure the vigorous prosecution of this litigation. *Id.* at ¶¶ 2-4, 7. Moreover, Mr. Pirani is committed to pursuing the best recovery possible for himself and all other Class members. *Id.* at ¶¶ 2, 6. The substantial losses that Movant incurred in his Medical Properties investment speaks to the fact that he is highly motivated to maximize the Class's recovery. *Id*.

Mr. Pirani has also demonstrated his adequacy by retaining competent and experienced counsel with the resources and expertise necessary to efficiently prosecute this action. *See infra,* Section B. Mr. Pirani participated in numerous discussions with counsel from Berger Montague, PC regarding the investigation

against Medical Properties and participated in an in-person meeting with counsel in Houston, Texas prior to filing this Motion.

### B.   Lead Plaintiff's Selection of Counsel Should Be Approved

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should not interfere with lead plaintiff's selection unless doing so is necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Mulvaney v. Geo Group, Inc.*, 2016 WL 10519276, at *3 (S.D. Fla. Nov. 18, 2016).

Here, Movant has selected Berger Montague PC as Lead Counsel for the class and Pittman, Dutton, Hellums, Bradley & Mann, P.C. as Liaison Counsel. Berger Montague has a long record of success in securities litigation and has achieved many of the largest securities recoveries since Congress enacted the PSLRA. The firm advises clients on litigation and recovery options in securities proceedings throughout the United States and internationally. Berger Montague has served as lead or co-lead counsel in numerous other major securities class action cases where substantial settlements were achieved on behalf of investors. *See* Hellums Decl., Ex. F.

Likewise, Pittman, Dutton, Hellums, Bradley & Mann, P.C. ("PDHBM") attorneys have been representing individuals, consumers, and small businesses in complex civil litigation for over 35 years. PDHBM attorneys have been appointed

to leadership positions in cases involving class actions and mass tort litigations in which recoveries have exceeded over three-billion dollars for individuals and small businesses. *See* Hellums Decl., Ex. G.

Thus, the Court may be assured that, by granting this Motion, the proposed Class will receive the highest caliber of legal representation. Accordingly, the Court should approve Movant's selection of counsel.

## IV.    CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court enter an Order: (1) appointing Movant as Lead Plaintiff for the class; (2) approving Lead Plaintiff's selection of Berger Montague PC as Lead Counsel and Pittman, Dutton, Hellums, Bradley & Mann, P.C. as Liaison Counsel for the Class; and (3) granting such other relief as the Court may deem to be just and proper.

Dated: June 12, 2023                          Respectfully submitted,

                                             */s/ Jon Mann*
                                             Chris T. Hellums (ASB-5583-L73C)
                                             Jonathan S. Mann (ASB-1083-A36M)
                                             **PITTMAN, DUTTON, HELLUMS,**
                                             **BRADLEY & MANN, P.C.**
                                             2001 Park Place North, Suite 1100
                                             Birmingham, AL 35203
                                             Tel: (205) 322-8880
                                             Fax: (205) 328-2711
                                             Email: chrish@pittmandutton.com
                                             Email: jonm@pittmandutton.com

                                             Michael Dell'Angelo (*pro hac vice*)
                                             **BERGER MONTAGUE PC**

1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: (215) 875-3000
Email: mdellangelo@bm.net

*Attorneys for Movant Pirani and the
Proposed Class*

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on June 12, 2023, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ Jon Mann*
Jonathan S. Mann