FILED

2024 Nov-11  PM 05:57
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

|  |  |
|---|---|
| Fiyyaz Pirani, TRUSTEE OF IMPERIUM IRREVOCABLE TRUST, Individually and on Behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br><br>  -v.-<br><br>Medical Properties Trust, Inc.; MPT Operating Partnership, L.P.; Edward K. Aldag, Jr.; R. Steven Hamner; and J. Kevin Hanna,<br><br>     Defendants. | Civil Action No. 2:23-cv-00486-CLM |

**DEFENDANTS' OPPOSITION TO LEAD PLAINTIFF'S MOTION
FOR RELIEF FROM JUDGMENT AND FOR LEAVE TO AMEND**

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................. 1

BACKGROUND ..................................................................................... 2

ARGUMENT .......................................................................................... 4

I.    RELIEF FROM JUDGMENT IS AN EXTRAORDINARY
      REMEDY, RARELY GRANTED ................................................... 4

II.   THERE IS NO "MANIFEST ERROR" OR "MISTAKE" IN THE
      COURT'S DISMISSAL ORDER .................................................... 6

      A.    It was not "manifest error" or "mistake" to dismiss the amended
            complaint for failure to plead with the required particularity ............. 6

      B.    It was not "manifest error" or "mistake" to dismiss the amended
            complaint for failure to plead loss causation ......................................... 9

      C.    It was not "manifest error" or "mistake" to dismiss the amended
            complaint with prejudice ..................................................................... 13

III.  PLAINTIFF SHOULD NOT BE GRANTED LEAVE TO FILE A
      SECOND AMENDED COMPLAINT ........................................... 17

      A.    Plaintiff mischaracterizes the applicable legal standard ..................... 17

      B.    Plaintiff improperly seeks to allege "new" facts that could have
            and should have been included in the first amended complaint ......... 18

      C.    Further amendment would be futile because the proposed
            second amended complaint does not adequately plead loss
            causation ............................................................................................ 19

      C.    Further amendment would be futile because the proposed
            second amended complaint does not meet the heightened
            pleading standards of the PSLRA and Rule 9(b) ............................... 22

CONCLUSION ...................................................................................... 23

# <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                    **Page(s)**

*Architectural Ingenieria Siglo XXI, LLC* v. *Dominican Republic*,
  788 F.3d 1329 (11th Cir. 2015)..............................................................5

*Arthur* v. *King*,
  500 F.3d 1335 (11th Cir. 2007)..............................................................4

*Barbee* v. *Berryhill*,
  350 F. Supp. 3d 1209 (N.D. Ala. 2018) .................................................4

*Blackburn* v. *Shire US Inc*,
  18 F.4th 1310 (11th Cir. 2021)..............................................................14

*Cavaliere* v. *Allstate Ins. Co.*,
  996 F.2d 1111 (11th Cir. 1993)..............................................................5

*Caterpillar Fin. Servs. Corp.* v. *Venequip Mach. Sales Corp.*,
  2023 WL 8258886 (S.D. Fla. Nov. 29, 2023)............................... 17-18

*Donley* v. *City of Morrow, Georgia*,
  601 F. App'x 805 (11th Cir. 2015) .................................................18, 19

*Dura Pharms., Inc.* v. *Broudo*,
  544 U.S. 336 (2005) ...........................................................................12

*Forbus* v. *Sears Roebuck & Co.*,
  30 F.3d 1402 (11th Cir. 1994)..............................................................14

*Garfield* v. *NDC Health Corp.*,
  466 F.3d 1255 (11th Cir. 2006)..............................................................8

*Goldman* v. *Brain Tunnelgenix Techs., Corp.*,
  2024 WL 2976747 (S.D. Fla. June 13, 2024) .......................................16

*Griffin* v. *Swim-Tech Corp.*,
  722 F.2d 677 (11th Cir. 1984)................................................................5

*Imperato* v. *Hartford Ins. Co.*,
  803 F. App'x 229 (11th Cir. 2020) .....................................................5, 7

*In re Blue Cross Blue Shield Antitrust Litig.*,
2017 WL 11681955 (N.D. Ala. Sept. 22, 2017) .................................................7

*In re BofI Holding, Inc. Sec. Litig.*,
977 F.3d 781 (9th Cir. 2020)...................................................................10

*In re Colonial BancGroup, Inc. Sec. Litig.*,
2013 WL 4788627 (M.D. Ala. Sept. 9, 2013)...................................................14

*In re Galectin Therapeutics, Inc. Sec. Litig.*,
157 F. Supp. 3d 1230 (N.D. Ga. 2015) ...........................................................16

*In re ICN Pharms., Inc. Sec. Litig.*,
299 F. Supp. 2d 1055 (C.D. Cal. 2004)............................................................7

*In re Spectrum Brands, Inc.*,
461 F. Supp. 2d 1297 (N.D. Ga. 2006) .......................................................8

*Katyle* v. *Penn Nat. Gaming, Inc.*,
637 F.3d 462 (4th Cir. 2011)...............................................................8 n.3

*Lawrence* v. *Goldberg*,
2008 WL 10665428 (S.D. Fla. Mar. 3, 2008) ....................................................4

*Lee* v. *Thomas*,
2012 WL 3137901 (S.D. Ala. Aug. 1, 2012) .....................................................4

*Lucy* v. *Siddiq*, 2023 WL 2368705
(M.D. Ala. Mar. 6, 2023) ...................................................................5

*MacPhee* v. *MiMedx Grp., Inc.*,
73 F.4th 1220 (11th Cir. 2023)..........................................................*passim*

*Michael Linet, Inc.* v. *Vill. of Wellington, Fla.*,
408 F.3d 757 (11th Cir. 2005)...........................................................4, 7

*Meyer* v. *Greene*,
710 F.3d 1189 (11th Cir. 2013)..........................................................*passim*

*Oregon Pub. Emps. Ret. Fund* v. *Apollo Grp. Inc.*,
774 F.3d 598 (9th Cir. 2014).............................................................8 n.3

*Patel* v. *Georgia Dep't BHDD*,
   485 F. App'x 982 (11th Cir. 2012) ...................................................................19

*Scott* v. *Prudential Ins. Co. of Am.*,
   2008 WL 11424302 (N.D. Ala. Dec. 4, 2008)...................................................4

## Federal Statutes and Regulations

17 C.F.R. § 240.10b-5 .........................................................................................2, 6

Private Securities Litigation Reform Act ..........................................................*passim*

Securities Exchange Act of 1934 § 10(b)...............................................................2

Securities Exchange Act of 1934 § 20(a)...............................................................2

## Rules

Federal Rule of Civil Procedure 9(b) ...............................................................*passim*

Federal Rule of Civil Procedure 59(e) .............................................................*passim*

Federal Rule of Civil Procedure 60(b) .............................................................*passim*

## PRELIMINARY STATEMENT

Plaintiff's motion for reconsideration does not satisfy the stringent requirements for setting aside the Court's final judgment dismissing this case with prejudice. The motion does not identify any "manifest errors" or other "compelling" justifications to warrant such extraordinary relief. It is instead an attempt to improperly relitigate arguments that this Court already considered and rejected.

Plaintiff contends that the Court erred in dismissing his amended complaint for failing to plead loss causation. But plaintiff points to no particularized allegations that the Court failed to consider, nor any controlling law that the Court failed to apply. Plaintiff opts to simply ignore controlling precedent from this circuit, failing to mention even once the *Meyer* opinion that was central to this Court's ruling. Instead, plaintiff relies upon non-controlling opinions from other circuit courts that provide no support for plaintiff's argument that this Court committed error.

Plaintiff also seeks leave to file a second amended complaint that would include additional factual allegations. The first set of "new" facts are analyst reports that were published in the immediate aftermath of the February 23, 2023 stock drop at the heart of plaintiff's case. These reports have been available to plaintiff since before he filed his initial complaint, plaintiff offers no explanation for his failure to previously make allegations based upon these reports, and it is procedurally

improper to rely upon them now in connection with a motion for reconsideration. The second set of alleged facts concern financial problems related to an MPT tenant that were announced long after the February 23, 2023 stock drop and therefore are irrelevant. Plaintiff's proposed second amended complaint would be subject to dismissal on loss causation grounds and for failing to meet the heightened pleading standards of the PSLRA and Rule 9(b) and therefore granting leave to amend would be futile.

## BACKGROUND

Plaintiff filed his original complaint on April 13, 2023, Dkt. No. 1, then filed an amended complaint on September 22, 2023. Dkt. No. 28. The amended complaint asserted claims under § 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5, and under § 20(a) of the Exchange Act. ¶¶ 203, 218.[1]

Plaintiff's core contention was that Medical Properties Trust, Inc. ("MPT") failed to timely record an impairment on four hospitals in Pennsylvania (the "Pennsylvania Properties") that MPT acquired from Prospect Medical Holdings, Inc. ("Prospect") in July 2019. ¶¶ 5-8. MPT recorded an impairment on February 23, 2023 but, according to plaintiff, MPT should have done so sooner. ¶¶ 8, 85.

Plaintiff's allegation that the impairment should have been recorded sooner relied entirely on information about Prospect's financial condition that was publicly

---

[1]    Citations to "¶ __" refer to the amended complaint.

disclosed prior to February 23, 2023.  As this Court recognized, plaintiff argued that "everyone in the market knew about Prospect's financial struggles for years, so MPT should have recorded the impairment charges before Q4-2022."  Dkt. No. 49 at 16.

On September 26, 2024, this Court issued a memorandum opinion and order dismissing plaintiff's claims with prejudice.  Dkt. No. 49-50.  The Court first held that the amended complaint failed to meet the heightened pleading standards of Rule 9(b) and the PSLRA.  Dkt. No. 49 at 1.  The Court further held that plaintiff had failed to adequately plead loss causation because "the February 23rd press release announced an impairment based on information already known and digested by the market…"  *Id.* at 26.  And the Court held that "[plaintiff's] failure to adequately plead loss causation cannot be fixed by amendment" because "[plaintiff] cannot plead around the fact that the market knew about Prospect's problems paying rent, and MPT's efforts to deal with Prospect's struggles to pay rent, before February 23, 2023."  *Id.* at 1, 26.

Plaintiff now moves to set aside the judgment under Federal Rules of Civil Procedure 59(e) and 60(b) and for leave to file yet another amended complaint pursuant to Rule 15(a)(2).  Dkt. No. 51.

**ARGUMENT**

## I.  RELIEF FROM JUDGMENT IS AN EXTRAORDINARY REMEDY, RARELY GRANTED

"The extremely limited nature of the Rule 59(e) remedy cannot be overstated." *Lee* v. *Thomas*, 2012 WL 3137901, at *2 n.1 (S.D. Ala. Aug. 1, 2012). "[R]econsideration of a judgment pursuant to Rule 59(e)…is 'an extraordinary remedy which should be used sparingly.'" *Barbee* v. *Berryhill*, 350 F. Supp. 3d 1209, 1212 (N.D. Ala. 2018) (quoting *Daker* v. *Warren*, 2012 WL 2403437, at *4 (N.D. Ga. June 25, 2012)).  A plaintiff "cannot use a Rule 59(e) motion to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc.* v. *Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005).  "The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *Arthur* v. *King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quoting *In re Kellogg,* 197 F.3d 1116, 1119 (11th Cir. 1999)).

"[T]he analysis employed in evaluating a Rule 60(b) motion is similar to that used in Rule 59(e) motions." *Lawrence* v. *Goldberg*, 2008 WL 10665428, at *1 n.1 (S.D. Fla. Mar. 3, 2008); *see also Scott* v. *Prudential Ins. Co. of Am.*, 2008 WL 11424302, at *2 (N.D. Ala. Dec. 4, 2008) (plaintiff "must satisfy extraordinarily high standards in order to secure relief under Rule 59(e) [and Rule 60(b)(6)]").  Rule 60(b) only "provides for relief from final judgments or orders in limited

circumstances." *Imperato* v. *Hartford Ins. Co.*, 803 F. App'x 229, 230 (11th Cir. 2020). While the rule "should be construed in order to do substantial justice…this does not mean that final judgments should be lightly reopened." *Griffin* v. *Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984). As with Rule 59(e), a plaintiff "may not use proceedings seeking relief from or modification of a judgment under F.R. Civ. P. 60 simply to relitigate matters settled by the original judgment." *Lucy* v. *Siddiq*, 2023 WL 2368705, at *2 (M.D. Ala. Mar. 6, 2023) (quoting *Donovan* v. *Sovereign Sec., Ltd.*, 726 F.2d 55, 60 (2d Cir. 1984)).

While a party may seek relief under Rule 60(b)(1) "based on mistakes in the application of law," *MacPhee* v. *MiMedx Grp., Inc.*, 73 F.4th 1220, 1251 (11th Cir. 2023), it must nevertheless "provide a justification so compelling that the district court ha[s] to vacate the challenged order." *Architectural Ingenieria Siglo XXI, LLC* v. *Dominican Republic*, 788 F.3d 1329, 1343 (11th Cir. 2015).

As for Rule 60(b)(6), the Eleventh Circuit has "consistently [] held that 60(b)(1) and (b)(6) are mutually exclusive [and] [t]herefore, a court cannot grant relief under (b)(6) for any reason which the court could consider under (b)(1)." *Cavaliere* v. *Allstate Ins. Co.*, 996 F.2d 1111, 1115 (11th Cir. 1993) (quoting *Solaroll Shade & Shutter Corp.* v. *Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1133 (11th Cir. 1986)).

## II.    THERE IS NO "MANIFEST ERROR" OR "MISTAKE" IN THE COURT'S DISMISSAL ORDER

### A.    It was not "manifest error" or "mistake" to dismiss the amended complaint for failure to plead with the required particularity

As the Court already and correctly held, plaintiff failed to meet the heightened pleading standards of Rule 9(b) and the PSLRA because he merely "allege[d] in conclusory fashion that Defendants acted in a way that would meet all of the requisite elements…leav[ing] Defendants and the court to guess his precise theory of liability under Rule 10b-5." Dkt. No. 49 at 21.

In moving for reconsideration, plaintiff cites *no* case that even suggests, let alone holds, that the Court applied the wrong legal standard in assessing the sufficiency of the allegations in the amended complaint. To the contrary, as plaintiff does not dispute, his "claims are subject to three pleading requirements: Rule 8(a)'s general pleading standard, Rule 9(b)'s heightened pleading standard for fraud claims, and the PLSRA's special pleading standards." *Id.* at 18.[2]

Plaintiff merely disagrees with the Court's analysis, arguing that the amended complaint "sufficiently alleged facts" to meet the applicable pleading standards, and then directing the Court to *88 paragraphs* in the complaint. Dkt. No. 51 at 3. But rehashing arguments already made about why those allegations are sufficient is

---

[2]    Plaintiff contends that the Court "[c]onstruing certain prongs [of Rule 9(b) and the PSLRA] as independent requirements is contrary to law." Dkt. No. 51 at 3. But plaintiff cites no legal authority for this point, and as such, fails to advance any argument that the Court committed any error or mistake.

nothing more than an attempt to improperly "relitigate old matters." *Michael Linet, Inc.*, 408 F.3d at 763; *see also Imperato*, 803 F. App'x at 231. That the Court disagreed with plaintiff the first time around does not "confer[] upon [plaintiff] license…to attempt a 'do-over' to erase a disappointing outcome." *In re Blue Cross Blue Shield Antitrust Litig.*, 2017 WL 11681955, at *1 (N.D. Ala. Sept. 22, 2017) (quoting *Garrett* v. *Stanton*, 2010 WL 320492, at *2 (S.D. Ala. Jan. 18, 2010)).

All the more so because plaintiff does not even bother to meaningfully engage with the specifics of the Court's reasoning. For example, the Court held that the amended complaint failed to identify "what precisely should MPT have said earlier." Dkt. No. 49 at 21. Plaintiff now vaguely contends that defendants should have disclosed "the truth," again pointing to a grab bag of paragraphs in the amended complaint. Dkt. No. 51 at 4 (citing ¶¶ 8, 14, 85, 91, 112, 128, 134, 138, 208). But this alleged "truth" is just the same contention advanced in the amended complaint that MPT "should have…record[ed] an impairment charge much sooner than Q4 2022," ¶ 91, devoid of any particularized allegations regarding *how much* that impairment charge should have been, or *why* such a charge was required at any particular time under MPT's disclosed impairment methodology. Plaintiff's failure to plead such facts is fatal under Rule 9(b) and the PSLRA. *See, e.g.*, *In re ICN Pharms., Inc. Sec. Litig.*, 299 F. Supp. 2d 1055, 1065 (C.D. Cal. 2004) (dismissal

where complaint failed to "specify the amount by which" the "assets...were impaired"); *see also* Dkt. No. 30 (Defs' MTD Br.) at 10-11 (collecting cases).

The Court also held that plaintiff failed to identify "when and where should MPT have made that precise statement." Dkt. No. 49 at 21. Again, plaintiff provides no basis to dispute the Court's holding. The amended complaint did not plead specific facts demonstrating that impairments were needed at particular times on specific assets, and plaintiff's motion cannot and does not fix this pleading deficiency. *See, e.g.*, *Garfield* v. *NDC Health Corp.*, 466 F.3d 1255, 1263 (11th Cir. 2006) (affirming dismissal where complaint "[did] not specify when the improper accounting occurred" or "how and what products were improperly capitalized or amortized"); *In re Spectrum Brands, Inc.*, 461 F. Supp. 2d 1297, 1309 (N.D. Ga. 2006); *see* Dkt. No. 34 (Defs' MTD Reply) at 2-3.

**B.    It was not "manifest error" or "mistake" to dismiss the amended complaint for failure to plead loss causation**

The bulk of plaintiff's motion is dedicated to complaints that the Court got it wrong on loss causation. Dkt. No. 51 at 5-8.[3] Remarkably, however, plaintiff fails

---

[3]    Plaintiff contends that he need only satisfy Rule 8 to adequately allege loss causation. Dkt. No. 51 at 5. While the Eleventh Circuit has yet to weigh in on the question, other circuits have applied heightened pleading standards to loss causation allegations. *See e.g.*, *Oregon Pub. Emps. Ret. Fund* v. *Apollo Grp. Inc.*, 774 F.3d 598, 605 (9th Cir. 2014) ("Rule 9(b) applies to all elements of a securities fraud action, including loss causation."); *Katyle* v. *Penn Nat. Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011) ("We review allegations of loss causation for 'sufficient specificity,' a standard largely consonant with Fed.R.Civ.P. 9(b)'s requirement that averments of fraud be pled with particularity."). Regardless, the amended complaint is subject to dismissal under *Meyer* no matter the pleading standard.

to even *cite*, let alone distinguish, the Eleventh Circuit's decision in *Meyer* v. *Greene*, which provides the controlling legal standard, and which was central to the Court's loss causation ruling. Dkt. No. 49 at 26. As the Court explained, relying on *Meyer*, "[a] corollary of the efficient market hypothesis is that disclosure of confirmatory information—or information already known by the market—will not cause a change in the stock price. It follows that corrective disclosures must present facts to the market that are new, that is, publicly revealed for the first time." *Id.* at 22 (quoting *Meyer* v. *Greene*, 710 F.3d 1189, 1197-98 (11th Cir. 2013)).

That is the governing standard in the Eleventh Circuit and this Court correctly applied it in holding that plaintiff failed to plead loss causation. *Id.* at 22-26. As the Court noted, the market already knew about Prospect's financial struggles, its issues paying rent, and the possibility of an impairment of the Pennsylvania Properties well before the impairment charge announcement on February 23, 2023. *Id.* at 25. Therefore, because "the February 23rd press release announced an impairment based on information already known and digested by the market, [plaintiff] [could not] rely on it to prove loss causation." *Id.* at 26 (citing *Meyer*, 710 F.3d at 1198).

Plaintiff does nothing to challenge that application of settled Eleventh Circuit law. Instead, plaintiff cites the very same inapposite out-of-circuit authorities he relied upon in his opposition to defendants' motion to dismiss. *Compare* Dkt. No. 33 at 30 n.17 *with* Dkt. No. 51 at 7 n.4. Relying principally on the Ninth Circuit's

decision in *In re BofI Holding, Inc. Sec. Litig.*, 977 F.3d 781 (9th Cir. 2020), plaintiff again contends that the February 23 impairment announcement revealed "new" information because the previously available information concerning Prospect's financial struggles was purportedly "scattered" and "only available in piecemeal fashion over time." *See* Dkt. No. 51 at 6-7 & n. 4. As defendants have already pointed out, however, and as *BofI* itself makes clear, that argument is foreclosed by Eleventh Circuit law: "the Eleventh Circuit has adopted the bright-line rule" that reliance on information that is "already public is fatal to [a] claim of loss causation." Dkt. No. 34 at 15 (citing *In re BofI Holding, Inc. Sec. Litig.*, 977 F.3d at 795 n.5).[4]

And here, the public information concerning Prospect's financial difficulties, as alleged by plaintiff himself, was abundant. Indeed, the amended complaint expressly alleges that the Viceroy short-seller report issued on January 26, 2023 "revealed the truth about the state of the Company's tenants" nearly a month before the February 23, 2023 impairment announcement. ¶¶ 170, 172. As the Court pointed out, that report itself merely "repackaged" information that was already public. Dkt. No. 49 at 23. And beyond that, MPT, analysts, and the media had been discussing Prospect's financial struggles for years. *Id.* at 4-9.

---

[4]    Plaintiff contends that the Court improperly "require[d] a showing that the stock 'drop[ped] more steeply' at the end of the class period than it would have dropped if the truth were revealed sooner." Dkt. No. 51 at 4. The Court did not "require" any such showing, instead dismissing on the ground that the February 23 impairment disclosure was based on information that was already known to the market. Dkt. No. 49 at 26.

Plaintiff now says that the February 23 announcement was necessary to reveal the "extent" of Prospect's challenges.  Dkt. No. 51 at 7.  But as the Court's catalogue of prior public disclosures makes abundantly clear, the market had long been aware of the "extent" of those challenges:

- In 2019, "MPT and market analysts knew that making Prospect a long-term tenant carried risk."  Dkt. No. 49 at 4.

- In 2020, "[t]he market continued to question Prospect's business model and, thanks in part to COVID, started questioning Prospect's ability to pay MPT rent."  *Id.* at 5.

- In 2021, the Rhode Island Attorney General's expert "concluded that Prospect would face a 'liquidity crisis' within 18 to 24 months that would threaten Prospect's survival."  *Id.* at 6.

- "In September 2022, Credit Suisse warned of a looming rent default by Prospect…Credit Suisse said that Prospect was facing a 'dire financial situation, string of executive layoffs, staff shortages and recent legal action by Delaware County in Pennsylvania to force Prospect to keep essential parts of its hospitals running.'"  *Id.* at 7.

- "Credit Suisse dropped its target price for MPW in December 2022—three months before the February 23rd press release—in part to

'account for loss of rents at the Pennsylvania assets leased to Prospect.'" *Id.* at 25 (citing Dkt. No. 30-14 at 2).

Plaintiff's additional attempts to manufacture a legal error fare no better. Plaintiff argues that to plead loss causation, he need only allege that "the misrepresentation *touches upon* the reasons for the investment's decline in value." Dkt. No. 51 at 5 (quoting *Robbins* v. *Koger Props., Inc.*, 116 F.3d 1441, 1447 (11th Cir.1997)) (emphasis added).  Wrong.  The Supreme Court has since expressly rejected that overly lenient standard, holding that "[t]o 'touch upon' a loss is not to *cause* a loss, and it is the latter that the law requires." *Dura Pharms., Inc.* v. *Broudo*, 544 U.S. 336, 343 (2005).  Consistent with that precedent, the Eleventh Circuit has repeatedly emphasized that "the plaintiff must [] demonstrate that the fraudulent statement was a 'substantial' or 'significant' cause of the decline in price." *Meyer*, 710 F.3d at 1196.

Plaintiff also contends, again citing out of circuit cases, that determining what the market knew at the time of the alleged corrective disclosure on February 23 is "generally inappropriate on a motion to dismiss."  Dkt. No. 51 at 7.  Wrong again. The Eleventh Circuit has again and again affirmed dismissal on loss causation grounds at the pleading stage for the precise reasons the Court did here:  because the alleged corrective disclosures did not reveal any "new" information to the market. *Meyer*, 710 F.3d at 1197-99; *MacPhee*, 73 F.4th at 1246.  As this Court rightly

-12-

recognized in applying these authorities, plaintiff's fraud-on-the-market theory relies on assuming an efficient market, which in turn required the Court to "assume that the market had digested and incorporated this information [about Prospect] before February 23, 2023." Dkt. No. 49 at 25 (citing *Meyer*, 710 F.3d at 1197).

Finally, plaintiff suggests that regardless of what the market knew about Prospect, the February 23 disclosure can still establish loss causation because it somehow revealed financial weaknesses at other unnamed tenants. Dkt. No. 51 at 6. To be "corrective," however, a disclosure must "reveal[] to the market the pertinent truth that was previously concealed or obscured by the company's fraud…" *Meyer*, 710 F.3d at 1196 (quoting *FindWhat Inv. Grp.* v. *FindWhat.com*, 658 F.3d 1282, 1311-12 (11th Cir. 2011)). Plaintiff never explains how a disclosure that he attributes to "Prospect-related revelations," *id.* at 8, and that said nothing at all about any other MPT tenants, could possibly be said to have revealed any previously concealed fraud concerning those other tenants.

## C.    It was not "manifest error" or "mistake" to dismiss the amended complaint with prejudice

As the Court correctly held in dismissing plaintiff's claims with prejudice, plaintiff "cannot plead around the fact that the market knew about Prospect's problems paying rent, and MPT's efforts to deal with Prospect's struggles to pay rent, before February 23, 2023" and plaintiff "cannot fix this flaw by amending his

complaint." Dkt. No. 49 at 26.  There was no "manifest error" or "mistake" in that ruling.

"District courts have broad discretion to grant or deny leave to amend." *Forbus* v. *Sears Roebuck & Co.*, 30 F.3d 1402, 1405 (11th Cir. 1994) (citing *Foman* v. *Davis,* 371 U.S. 178, 182 (1962)).  "A district court may, in the exercise of its inherent power to manage the conduct of litigation before it, deny leave to amend a complaint, 'so long as it does not outright refuse to grant the leave without any justifying reason.'"  *In re Colonial BancGroup, Inc. Sec. Litig.*, 2013 WL 4788627, at *5 (M.D. Ala. Sept. 9, 2013) (quoting *Equal Rights Center* v. *Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010)).  On appeal, the Eleventh Circuit "review[s] both the denial of a motion for leave to amend a pleading and a motion for reconsideration for abuse of discretion."  *Blackburn* v. *Shire US Inc*, 18 F.4th 1310, 1316 (11th Cir. 2021).  And "[t]he district court's discretion to deny leave to amend is particularly broad where," as here, "plaintiff has previously amended the complaint."  *In re Colonial BancGroup, Inc. Sec. Litig.*, 2013 WL 4788627, at *5 (quoting *Metzler Invest. GMBH* v. *Corinthian Colleges, Inc.*, 540 F.3d 1049, 1072 (9th Cir. 2008)).

Plaintiff does not identify any abuse of the Court's broad discretion in denying leave to amend, nor any "manifest error" or "mistake" in the Court's analysis.

***First***, plaintiff claims that the Court should reconsider its holding because "it was not the Court's role at the motion to dismiss stage to reach a conclusion about a

disputed 'fact' regarding what the market knew." Dkt. No. 51 at 10. But as discussed above, the Court did not resolve any "disputed" fact. *See supra* at 10-11. Rather, the Court appropriately took judicial notice of public documents cited in the amended complaint and the motion to dismiss briefing to acknowledge what information was available to the market prior to February 23, 2023. Dkt. No. 49 at 3; *see also Harris* v. *Ivax Corp.*, 182 F.3d 799, 802 fn.2 (11th Cir. 1999) ("[A] document central to the complaint that the defense appends to its motion to dismiss is also properly considered, provided that its contents are not in dispute."); *Michigan Carpenters' Pension Fund* v. *Rayonier Advanced Materials, Inc.*, 2019 WL 1429667, at *2 (M.D. Fla. Mar. 29, 2019) (taking judicial notice of analyst reports where they were "referenced and cited throughout the Amended Complaint and form the basis of Plaintiffs' claims…").

Based upon those documents, the Court was able to determine that the information about Prospect's financial struggles was publicly available prior to February 23. Dkt. No. 49 at 4-9, 25. This type of analysis is commonplace. *See MacPhee*, 73 F.4th at 1246 (affirming dismissal on loss causation grounds where plaintiff did not "identify any new, non-public, or otherwise not readily available information contained in any of [the alleged corrective disclosures]"); *Meyer*, 710 F.3d at 1198 (same). Moreover, there was no disputed issue of fact to resolve because *Meyer* required the Court to "assume that the market had digested and

incorporated this information [about Prospect] before February 23, 2023." Dkt. No. 49 at 25 (citing *Meyer*, 710 F.3d at 1197).

**Second**, plaintiff contends that "the Court reached [its] conclusion without having any proposed amendment to review, which is not how a futility analysis is generally conducted the first time a complaint is dismissed." Dkt. No. 51 at 10. But district courts can, and do, refuse to grant leave to amend without reviewing proposed amendments where amendment would be futile. *See e.g.*, *Goldman* v. *Brain Tunnelgenix Techs., Corp.*, 2024 WL 2976747, at *5 (S.D. Fla. June 13, 2024) (dismissing complaint without reviewing any proposed amendment because amendment would be futile); *In re Galectin Therapeutics, Inc. Sec. Litig.*, 157 F. Supp. 3d 1230, 1240 (N.D. Ga. 2015), *aff'd*, 843 F.3d 1257 (11th Cir. 2016) (same).

Here, plaintiff has already been afforded the opportunity to file an amended complaint. The Court provided pages of reasoned analysis setting forth why plaintiff had failed to adequately plead loss causation. Dkt. No. 49 at 22-26. And nothing plaintiff could plead in yet another amended complaint would change the fact that the information about Prospect's financial struggles was publicly available prior to February 23. Indeed, as discussed below, plaintiff's proposed second amended complaint only confirms that he cannot correct the deficiencies in his pleading.

## III.  PLAINTIFF SHOULD NOT BE GRANTED LEAVE TO FILE A SECOND AMENDED COMPLAINT

Plaintiff nevertheless seeks leave to amend for a second time pursuant to Fed. R. Civ. P. 15(a)(2) to "provide new facts that arose after briefing was completed" and to "reframe" and "refocus" the allegations in the first amended complaint.  Dkt. No. 51 at 1.  Plaintiff's request should be denied.

### A.    Plaintiff mischaracterizes the applicable legal standard

In an effort to get yet another bite at the apple, plaintiff yet again mischaracterizes Eleventh Circuit law, reason alone to deny the motion for leave. Plaintiff represents that "[t]he Eleventh Circuit has specifically blessed application of Rule 15(a)'s liberal amendment standard in the procedural context presented here—*i.e.*, 'when a plaintiff seeks to amend after a judgment of dismissal has been entered by asking the district court to vacate its order of dismissal pursuant to Fed. R. Civ. P. 59(e).'"  *Id.* at 11 (quoting *Spanish Broad. Sys.* v. *Clear Channel Commc'ns*, 376 F.3d 1065, 1077 (11th Cir. 2004)).

But the case plaintiff relies on—*Spanish Broad*—is not good law.  It was expressly overruled last year by the Eleventh Circuit's decision in *MacPhee*, which holds the exact opposite:  "we review the district court's denial of [plaintiff's] post-judgment request for leave to amend under the standards governing Rules 59(e) and 60(b)."  *MacPhee*, 73 F.4th at 1250.  Subsequent district court opinions have recognized that *MacPhee* overruled plaintiff's authority.  *See e.g.*, *Caterpillar Fin.*

*Servs. Corp.* v. *Venequip Mach. Sales Corp.*, 2023 WL 8258886 at *2 (S.D. Fla. Nov. 29, 2023) (applying *MacPhee* and stating that "the denial of a 'post-judgment request for leave to amend' is analyzed under 'the standards governing Rules 59(e) and 60(b).'"). Therefore, plaintiff must show that reconsideration is warranted under the demanding standards of Rules 59(e) or 60(b) *i.e.*, that this Court's holding that amendment would be futile was a "manifest error[]" or "mistake." *MacPhee*, 73 F.4th at 1250-51. As discussed above, plaintiff has not made this showing.

### B.    Plaintiff improperly seeks to allege "new" facts that could have and should have been included in the first amended complaint

Plaintiff's purported "new" information does not warrant leave to amend either. "When a party attempts to introduce new evidence in a motion for reconsideration, the district court should not grant the motion absent a showing that the evidence was previously unavailable or newly discovered." *Donley* v. *City of Morrow, Georgia*, 601 F. App'x 805, 812 (11th Cir. 2015). Plaintiff's proposed second amendment relies primarily on additional analyst reports and internet articles dated between February 23, 2023 and March 2, 2023 that plaintiff alleges "attribute[] the decline in the stock price to the new information revealed through the February 23, 2023 corrective disclosure." Dkt. No. 51 at 12; Dkt. 51-1 ¶¶ 103-104, 237-42.[5]

---

[5]    Plaintiff's proposed second amendment cites an RBC report purportedly dated February 28, *2024*, but this appears to be a scrivener's error and defendants assume plaintiff intended to cite to an RBC report from February 28, *2023*.  SAC ¶¶ 103, 239.

Plaintiff's reliance on these materials is improper—all of them were available to plaintiff at the time he filed his first amended complaint on September 22, 2023. Because plaintiff provides no explanation as to why this evidence was "previously unavailable or newly discovered," the Court should not consider it. *Donley*, 601 F. App'x at 812 (affirming denial of motion for reconsideration where plaintiff "possessed [] email exchanges" but failed to "submit the information at [the] time" of earlier proceedings).

### C.    Further amendment would be futile because the proposed second amended complaint does not adequately plead loss causation

Even if the Court were inclined to consider plaintiff's improper "new" information, leave to amend should still be denied because the proposed second amended complaint still does not adequately plead loss causation. As plaintiff acknowledges, "[a]n amendment is considered futile when the claim, as amended, would still be subject to dismissal." Dkt. No. 51 at 11 (quoting *Boyd* v. *Warden, Holman Corr. Facility*, 856 F.3d 853, 864 (11th Cir. 2017)); *see also Patel* v. *Georgia Dep't BHDD*, 485 F. App'x 982, 983 (11th Cir. 2012) (affirming denial of leave to amend where plaintiff "provided no reason for the district court to believe that he could offer sufficient allegations to make a claim for relief plausible on its face").

### 1.    The "new" analyst reports do not plead loss causation

The "new" analyst reports alleged by plaintiff would not save the second amended complaint from dismissal under *Meyer*.  As defendants pointed out in moving to dismiss the amended complaint, the market knew and wrote about Prospect's financial struggles and the potential impact of those struggles on MPT well before February 23, 2023.  *See* Dkt. No. 30-14 at 1 (Credit Suisse, stating that analyst had already "account[ed] for a loss of rents" at the Pennsylvania Properties).  And as the Court held in finding that amendment would be futile, "[plaintiff] cannot plead around the fact that the market knew about Prospect's problems paying rent, and MPT's efforts to deal with Prospect's struggles to pay rent, before February 23, 2023."  Dkt. No. 49 at 26.  Analyst reports published *after* the impairment charge was recorded have no bearing on the market's knowledge of Prospect's financial struggles *before* the impairment charge.

The analyst reports also do not cure plaintiff's flawed loss causation argument because "though certainly pessimistic about the future, [they] were not necessarily revelatory of any past fraud." *Meyer*, 710 F.3d at 1200.  The analyst reports plaintiff has added to the proposed second amended complaint expressed concerns about MPT's ability to collect rent from Prospect *going forward*, which was not a revelation of past fraud but rather reflected the market's concerns about MPT collecting rent *in the future*.  For example, Deutsche Bank noted that "the Prospect

situation has become more tenuous and now dilutive due to non-payment of rent from the PA portfolio *in 2023* – with a likely workout pushed to *YE23 or 1H24*." Dkt. No. 51-1 ¶ 239.  A *SeekingAlpha* article stated that "serious doubts remain about *the outlook* for Prospect," *id.* at ¶ 241, and JP Morgan wrote that "there could continue to be a lid on the stock over the near-term *as this plays out*."  *Id.* at ¶ 237. These reports, therefore, "are statements about potential future action, not 'reve[lations] to the market' of some previously concealed fraud or misrepresentation" and "they do not qualify as corrective disclosures for purposes of loss causation." *Meyer*, 710 F.3d at 1200.

### 2. Plaintiff's new allegations concerning a different MPT tenant do not plead loss causation

The proposed second amended complaint also adds allegations concerning a different MPT tenant, Steward Health Care System LLC.  These allegations relate to MPT's announcement on September 30, 2023 that Steward was late paying rent, the announcement of an impairment charge related to Steward on December 31, 2023, and Steward's subsequent bankruptcy in May 2024.  Dkt. No. 51-1 ¶¶ 14, 109, 151.  These allegations are irrelevant to pleading loss causation.  Plaintiff has not alleged any new corrective disclosures related to Steward.  The earliest Steward announcement occurred seven months after the February 23, 2023 disclosure of a Prospect impairment that plaintiff continues to rely on.  And plaintiff does not and cannot plausibly allege that these revelations about Steward suggest that the market

interpreted a Prospect-related disclosure from *seven months* earlier to have anything to do with Steward.  To the contrary, plaintiff himself argues that the February 23 stock drop was attributable to "Prospect-related revelations."  Dkt. No. 51 at 8.

### D.    Further amendment would be futile because the proposed second amended complaint does not meet the heightened pleading standards of the PSLRA and Rule 9(b)

Having now seen plaintiff's proposed second amended complaint, the Court can also deny leave to amend on futility grounds for an independent reason:  the proposed amendment confirms that plaintiff cannot meet the heightened pleading requirements of the PLSRA and Rule 9(b).

Despite now having the benefit of this Court's opinion explaining precisely why plaintiff's first amended complaint was deficient, plaintiff's proposed second amendment still fails to meet the applicable pleading standards.  While plaintiff claims that the proposed amendment "supplement[s] the allegations to meet the chart of pleading standards set forth in the Order," *id.* at 1, plaintiff has not added any allegations that address the specific information that this Court found was missing from plaintiff's first amended complaint.  As the Court held, plaintiff failed to allege "what precisely should MPT have said earlier" and "when and where should MPT have made that precise statement."  Dkt. No. 49 at 21.  Plaintiff still fails to supply such information, which is fatal under Rule 9(b) and the PSLRA.  *See supra* at 7; *see also* Dkt. No. 30 at 10-12; Dkt. No. 34 at 2-5.

-22-

## CONCLUSION

For the foregoing reasons, plaintiff's motion to set aside the judgement and for leave to amend should be denied.

Dated:  November 11, 2024

OF COUNSEL:

William Savitt
Sarah K. Eddy
Nathaniel Cullerton
WACHTELL, LIPTON,
ROSEN & KATZ
51 West 52nd Street
New York, NY  10019
Tel.:  (212) 403-1000

LIGHTFOOT,  FRANKLIN  &  WHITE
LLC


/s/ Wesley B. Gilchrist
Michael L. Bell
Wesley B. Gilchrist
Meghan S. Cole
The Clark Building
400 20th Street North
Birmingham, AL  35203
Tel.:  (205) 581-0700

*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 11, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will give notice of such filing to all counsel of record.

<u>/s/ Wesley B. Gilchrist</u>
Of Counsel